THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GRIFFIN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the police lacked probable cause for his arrest and thus the heroin seized as the result of a search incidental to that arrest should be suppressed. That contention is without merit. Probable cause was provided by the officer's observations, in an area known for narcotics traffic, that defendant received money from a suspected buyer immediately before defendant's accomplice transferred a glassine envelope to the buyer. Additional support for the officer's belief that a drug sale had taken place was provided by the fact that someone yelled a warning as the officer approached, the men quickly dispersed, and the buyer unsuccessfully attempted to hide the glassine envelope on a window ledge. Those observations provided this experienced police officer with probable cause to arrest defendant *(see, People v McRay,* 51 NY2d 594). The subsequent seizure of a second glassine envelope containing heroin from defendant's

person was properly upheld as a search incident to arrest. The evidence was sufficient to sustain defendant's conviction for criminal sale and possession. (Appeal from judgment of Erie County Court, Forma, J.—criminal sale of controlled substance, third degree, and another charge.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.